IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANEYLYNN FONSECA MYLES, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> KILOLO KIJAKAZI, § <br> COMMISSIONER OF THE § <br> SOCIAL SECURITY ADMINISTRATION, § <br> *Defendant*. § | Civil Action No.: 4:23-cv-0530 |

## **MEMORANDUM AND RECOMMENDATION**

This case is before the court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act. ECF 17. Plaintiff represents that the Commissioner does not object to the requested relief. The Commissioner did not file a timely Response to the Motion and the Court deems it unopposed. LOC. R. S.D. TEX. 7.3, 7.4. Having considered Plaintiff's submissions and the law, the Court recommends that Plaintiff's motion be GRANTED.[1]

Plaintiff filed a Motion for Summary Judgment on June 12, 2023. ECF 11. The Commissioner did not file a response in opposition to Plaintiff's Motion and filed an Unopposed Motion to Reverse With Remand And Enter Judgment And

---

[1] The District Judge referred the case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. ECF 2.

Incorporated Memorandum in Support. ECF 15. The Court granted the Commissioner's Motion. ECF 16. Thus, Plaintiff is the prevailing party and is entitled to an award of reasonable attorney's fees. *See Shalala v. Schaefer*, 509 U.S. 292, 302-303 (1993) (holding that a plaintiff who obtains a remand order is a prevailing party); *Banks v. Berryhill*, Civil Action No. 4:18-cv-0239, 2019 WL 2084539, at *1 (N.D. Tex. May 13, 2019) (holding that "[a]ny attorneys' fees awarded under the EAJA must be reasonable.").

Plaintiff seeks an award of attorney's fees in the amount of $8,580.00, representing 39 hours of work performed in 2023 at the rate of $220.00 per hour, and has submitted counsel's statement itemizing his time. ECF 17-1. The EAJA sets the rate for attorney's fees at $125 per hour, "unless the court determines that an increase in the cost of living or a special factor" justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The court has wide discretion to increase the statutory hourly rate. *Martha V. v. Kijakazi*, No. 4:21-CV-3267, 2023 WL 5186869, at *2 (S.D. Tex. Aug. 10, 2023). To determine a reasonable rate, courts adjust the current $125.00 statutory rate using the average Consumer Price Index for the region where the work was performed for the specific year in which the work was performed.[2] *See Perales*

---

[2] The CPI for the Houston-The Woodlands-Sugar Land TX region can be found at https://data.bls.gov/timeseries/CUURS37BSA0?amp%%20253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited November 14, 2023).

*v. Casillas*, 950 F.2d 1066, 1079 (5th Cir. 1992) (instructing the district court "to segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). Specifically, the court compares the CPI for this region in 1996 when the $125.00 rate was established and the CPI for the year in which the work was performed to arrive at a differential, and then multiplies that differential by $125.00 per hour. *See Angela C. v. Kijakazi*, No. 4:22-CV-0904, 2023 WL 4551207, at *2 (S.D. Tex. June 28, 2023) (calculating the 2022 hourly rate of $226.58 by multiplying the percentage difference between the 1996 CPI of 142.7 and the 2022 CPI of 258.66, or 181.26, by $125.00), report and recommendation adopted sub nom. *Collum v. Kijakazi*, No. 4:22-CV-0904, 2023 WL 4549594 (S.D. Tex. July 14, 2023); *Martha V.*, 2023 WL 5186869, at *3 (calculating the 2023 hourly rate of $232.30 by multiplying the percentage difference between the 1996 CPI of 142.7 and the 2023 CPI for the first half of 2023 of 265.194, or 184.68, by $125.00).

Here, Plaintiff's requested rate of $220.00 per hour is below the rate that would be calculated by applying the CPI for this region for work performed in 2023. *See Martha V.*, 2023 WL 5186869, at *3 (awarding a 2023 hourly rate of $232.30 per hour). As to hours, counsel in cases of this kind typically request fees for 20-40 hours or work. *Angela C.*, 2023 WL 4551207, at *2; *Martha V.*, 2023 WL 5186869,

at *2.  Here, counsel represents that he has exercised billing discretion to reduce the actual hours worked from 44 to 39.  ECF 17-1 at 4.

The Commissioner has not objected to either the rate or the hours submitted by Plaintiff.  The Court finds that the requested fee is reasonable based on counsel's experience and the type of case.  The Court therefore RECOMMENDS that Plaintiff's Motion (ECF 17) be GRANTED and the Court enter a Final Judgment awarding Plaintiff fees under the EAJA in the amount of $8,580.00.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 27, 2023, at Houston, Texas.

                                                Christina A. Bryan
                                        United States Magistrate Judge